■    LAWRENCE FOSTER, an Infant, by His Mother and Natural Guardian, ANN E. FOSTER, et al., Appellants, v. BROTHERS COACH CORP. et al., Respondents, et al., Defendant.—In a personal injury action, plaintiffs appeal from a judgment of the Supreme Court, Nassau County, entered March 12, 1973, in favor of defendants Brothers Coach Corp. and Murray Karp, upon a jury verdict. Judgment reversed, on the law and in the interests of justice, and new trial granted, with costs to abide the event. The appeal did not present questions of fact. The totality of the remarks made by the Trial Justice prejudiced the jury against plaintiffs and their attorney. Illustrative of *some* of those remarks are the following: "THE COURT: Well, the jury has heard it, and if you want to confuse them, go ahead, it's your case. I'm not going to sit around and have questions repeated three or four times, because we are still 20 months behind in this county. It's worse in New York, where you come from and Brooklyn." "THE COURT: Mr. Gammerman, you know, you are trying your case, but I don't like to see anybody going downhill after he's been near the top. But you do it once more, go ahead and repeat yourself and waste the time of the jury. Go ahead and read it. THE COURT: *I have had a request from the counsel for the plaintiff* to admonish the jurors, some of whom may live in the vicinity where the accident occurred, that they are not supposed to visit the accident site individually or collectively without further order of the Court. In other words, stay away from the site " (emphasis added). In overruling an objection of plaintiffs' counsel to a question put to defendant Karp by defense counsel, the following occurred: " MR. GAMMERMAN: I am going to object to the question as leading, your Honor. This is Mr. McNerney's own client. THE COURT: Well, he is your witness now. MR. GAMMERMAN: But he is a hostile witness, your Honor. THE COURT: I didn't declare him a hostile witness, and I am the only one who can say whether he's hostile or not. *He answered every question you asked him, he didn't try to evade anything* " (emphasis added). Plaintiffs are entitled to a new trial. Shapiro, Acting P. J., Cohalan, Christ, Brennan and Benjamin, JJ., concur.